GRATIOT LUMBER & COAL CO. v. LUBINSKI.

1. FRAUD—SUFFICIENCY—EVIDENCE—DIRECTED VERDICT.
   In action of trespass on the case for alleged fraudulent conspiracy to obtain lumber and materials for modernizing a tavern, evidence *held*, insufficient to submit issue as to fraudulent conspiracy to jury.

2. PLEADING—AMENDMENT—CONSTRUCTION OF STATUTES.
   In furtherance of justice, trial courts should give the statute of amendments a liberal construction (3 Comp. Laws 1929, § 14144; Court Rule No. 19, § 4 [1933]).

3. SAME—AMENDMENT—DISCRETION OF COURT—ABUSE OF DISCRETION.
   Generally, permission to amend plea rests wholly within discretion of trial court, and unless discretion is abused, Supreme Court will not interfere, whether amendment is granted or refused (3 Comp. Laws 1929, § 14144; Court Rule No. 19, § 4 [1933]).

4. SAME—AMENDMENT—DISCRETION OF COURT—ABOLITION OF TECHNICAL ERRORS.
   The right to permit amendments to pleading, in accordance with the statute, is discretionary with the court and is aimed to abolish technical errors in proceedings and to have cases

disposed of as nearly as possible in accordance with the substantial rights of the parties (3 Comp. Laws 1929, § 14144; Court Rule No. 19, § 4 [1933]).

5. Same—Amendment—Less Stringent Remedy.

It was reversible error to deny plaintiff lumber company permission to amend declaration so as to state a cause of action in assumpsit in action of tort for fraudulent conspiracy to obtain lumber and materials for modernizing a tavern and brought against the owners of the tavern, the person who supervised the job and the latter's son, a salesman for plaintiff, where defendant owners' answer stated they were indebted to codefendant as a general and independent contractor but testimony at trial developed that owner claimed he owed money to plaintiff, since amendment at time of trial was first opportunity plaintiff had to meet new theory and remedy of assumpsit is less stringent (3 Comp. Laws 1929, § 14144; Court Rule No. 19, § 4 [1933]).

North, C. J., and Reid, J., dissenting.

Appeal from Wayne; Miller (Guy A.), J. Submitted June 8, 1944. (Docket No. 25, Calendar No. 42,683.) Decided October 11, 1944. Rehearing denied December 1, 1944.

Case by Gratiot Lumber & Coal Company, a Michigan corporation, against Anthony A. Lubinski and others for damages caused by conspiracy to defraud. Motion by plaintiff to amend declaration to set out cause of action in assumpsit. Motion denied. Directed verdict and judgment for defendants. Plaintiff appeals. Reversed.

*Harry Z. Marx,* for plaintiff.

*Ralph Lane* (*Herbert W. Lane,* of counsel), for defendants.

Sharpe, J. This is an appeal from a judgment for defendants upon their motion for a directed verdict.

Plaintiff, the Gratiot Lumber & Coal Company, is a Michigan corporation engaged in the retail lum-

ber and supply business in the city of Detroit. Defendants Anthony A. and Agnes Lubinski were engaged in modernizing a tavern. Defendant Andrew Musetti, Sr., supervised the modernizing of the tavern for Anthony A. and Agnes Lubinski. Defendant Andrew Musetti, Jr., son of Andrew Musetti, Sr., was employed as a salesman for plaintiff company.

During the months of April, May and June, 1941; Andrew Musetti, Jr., permitted the delivery to Anthony A. and Agnes Lubinski of approximately $900 worth of material contrary to the requirements of plaintiff company that credit may only be extended when there is a signed order passed upon favorably by its credit bureau. When this condition of affairs was called to the attention of the manager of plaintiff company a signed order was procured from Anthony A. and Agnes Lubinski, but before the credit report was examined and rejected more materials were delivered. At this time materials to the extent of $1,506.20 had been delivered, a part of which were taken from plaintiff's yard by defendant Anthony A. Lubinski personally.

Defendants Lubinski had engaged Andrew Musetti, Sr., to superintend the work of modernizing the tavern. Anthony A. Lubinski admitted owing the bill and signed the receipt for the materials. Shortly after the last material was delivered to defendants Lubinski a writ of garnishment had been served on them, as garnishee defendants, in an action against Andrew Musetti, Sr. A disclosure was filed by Anthony A. Lubinski in which he acknowledged owing Andrew Musetti, Sr., $1,405.70 on contract as a general contractor for labor, material and services. Between the time of the delivery of materials and the filing of the present suit the Lubinskis sold a piece of property located in

Detroit. The tavern where the materials were delivered was located in the city of East Detroit. Upon the refusal of defendants to pay for the materials plaintiff company filed its declaration in trespass on the case, setting forth but one count, in which it is alleged a fraudulent conspiracy on the part of all defendants for the purpose of obtaining lumber and materials from plaintiff company with intent to defraud plaintiff company.

Defendants Lubinski filed an answer in which they denied owing plaintiff company any sums, and alleged that they were obligated to the defendant Andrew Musetti, Sr., as a general and independent contractor and that all sums owing him were impounded by a writ of garnishment. Subsequently, defendants Lubinski filed a motion to dismiss plaintiff's declaration on the ground that these defendants and plaintiff company have no contractual relation between them, and because plaintiff's cause of action lies solely against defendants Andrew Musetti, Sr., and Andrew Musetti, Jr. An order was entered denying defendants' motion to dismiss the declaration, and the cause proceeded to trial. During the course of the trial defendant Anthony A. Lubinski testified as follows:

"When the first material was delivered I got the invoice that accompanied the shipment. I knew that it bore my name. I did not go to the Gratiot Lumber & Coal Company following the 10th of May, 1941, regarding an account for the payment for materials because I had no money to go there with. I had nothing to offer them. When I received these bills, I did not speak to Mr. Musetti about them. I am speaking now of this group of invoices. I never made complaint to him about them coming in my name. * * *

"I do not deny owing any bill.

"Q. Well, do you contend that this material was delivered on your account after you had made arrangements for it?

"A. Oh, I did not make any arrangements for it.
\*    \*    \*

"Q. \* \* \* My question was, how do you explain your right to receive this material if you had made no arrangements for it?

"A. Because I spoke to Mr. Musetti, and as long as the lumber had been shipped out there I took it for granted Mr. Musetti had made arrangements for the shipment of this lumber."

After this testimony had been received in evidence plaintiff's attorney made a motion to waive the claimed fraud and amend the declaration to one in assumpsit. The trial court denied the motion on the theory that an opportunity had been given all parties to amend the pleadings when the cause came up on the pretrial docket, and for the further reason that Anthony A. Lubinski had filed a disclosure that he owed Andrew Musetti, Sr., as a general contractor, and that the Lubinskis could not interplead until the tort action had been dismissed.

Further testimony was taken and at the close thereof defendants' attorney moved for a directed verdict, which was granted. Plaintiff company appeals and urges that the trial court was in error in holding that plaintiff had not proved fraud on the part of the defendants, and for failure to permit plaintiff company to amend its declaration from an action of trespass on the case to an action in assumpsit.

We are in accord with, and the record supports the following statement of the trial court:

"I do not think there is any evidence here that raises any ground for submitting to you the question

whether or not there was such a fraudulent conspiracy entered into between these three parties or these four parties.

"Mr. Lubinski never dealt directly with the Gratiot Lumber [& Coal] Company. He and the two Musettis met. He told them what he wanted to have done. Andrew Musetti, Jr., was there. He was there in his capacity as a salesman for the Gratiot Lumber [& Coal] Company. He took his memoranda as to the materials that were needed. At that time he did not get a written order from the Lubinskis. That was his fault. He is a salesman for the plaintiff company, he is representing the plaintiff company, and if he makes an error of judgment or forgets to do what his instructions call for him to do, that is not chargeable against the Lubinskis, under the testimony in the case. That is his fault, for which he is responsible to his employer, but it is nothing that the employer can lay up as against the Lubinskis. The only thing, under the testimony, that Anthony Lubinski asked for at the hands of the Gratiot Lumber [& Coal] Company through Andrew Musetti, Jr., was, as Mr. Musetti, Sr., testifies, whether or not Musetti, Jr., could get him 60 or 90 days credit. That was all of the talk that took place between them. Andrew Musetti, Jr., went back to the company and he put in orders for the delivery of the goods, but he did not have a signed order from either Andrew Musetti, Sr., as contractor, or from Anthony A. Lubinski, as owner of the property. He should have had such an order as that under the rules and practice of the Gratiot Lumber [& Coal] Company, but there is not one syllable of testimony in the case to show that Anthony A. Lubinski knew anything at all about that practice, not a syllable. And if he did not know it was the duty of Andrew Musetti, Jr., to get such an order and lay that order on Mr. Striffler's desk, nothing can be charged up against them if he did not get that order and if he did not present it to Mr. Striffler. That is a failure

on his part to perform his duty to the Gratiot Lumber [& Coal] Company.''

The statute and rule relating to amendments are as follows:

''The court in which any action or proceedings shall be pending, shall have power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment or decree rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings, which do not affect the substantial rights of the parties.'' 3 Comp. Laws 1929, § 14144 (Stat. Ann. § 27.838).

''If after a verdict or judgment it appears in any action that a different cause of action has been proved and should have been pleaded, a new count setting up the cause of action so proved may by leave of court be added to the declaration by amendment, and the verdict and judgment shall stand.'' Court Rule No. 19, § 4 (1933).

In furtherance of justice, trial courts should give the statute of amendments a liberal construction.

See *Okulich* v. *Goldman,* 239 Mich. 569.

In *Grant* v. *National Manufacturer & Plating Co.,* 258 Mich. 453, we said:

''As a rule, the permission to amend rests wholly within the discretion of the trial court, and unless this discretion is abused, we will not interfere. This is true irrespective of whether the court refuses or permits the amendment.''

In *M. M. Gantz Co.* v. *Alexander,* 258 Mich. 695, we said:

''The right to permit amendments, in accordance with the statute, is vested in the sound judgment and discretion of the trial court. It aims to abolish

technical errors in proceedings and to have cases disposed of as nearly as possible in accordance with the substantial rights of the parties.''

See, also, *Johnson* v. *Fremont Canning Co.,* 270 Mich. 524.

In *Annis* v. *Reiser & Co.,* 209 Mich. 512, plaintiff brought suit on the theory of rescission of a fraudulent contract. During the trial plaintiff moved to amend his declaration and proceed on the theory of damages for fraud and deceit. The motion was granted. The measure of damages was different under the original and amended declaration. We there said:

''Granting that the allegations of the declaration as originally drawn were on the theory of rescission, it was afterwards amended to conform to the theory of damages. Had plaintiff persisted in his claim of right to recover under the theory of rescission and no amendment been made, undoubtedly defendants would have been entitled to a directed verdict, but as there was no rescission and the declaration was amended and proof made thereunder we see no reason for a directed verdict on this account. The thing sought to be recovered was the same after amendment as before, and both declarations depended upon substantially the same state of facts. It is true that the case outlined in the amended declaration is one of tort, but after setting forth the facts which constituted the basis of his claim he elected to recover in assumpsit as he had a right to do under section 12350, 3 Comp. Laws 1915.''

The above case must be considered as an authority for permitting an amendment from an action for rescission of a contract to a tort action, where there is no showing of surprise or injustice.

It is to be noted that under the pleadings defendant Anthony A. Lubinski claimed he was indebted to Andrew Musetti, Sr., for the materials furnished,

and we must assume that when the cause came before the pretrial docket no changes were made in his claims; but when the cause came on for trial, and after some testimony had been taken, defendant Anthony A. Lubinski claimed that he did not know to whom he was indebted for the materials. He testified as follows:

"*Q.* And then when the materials were delivered, he (Musetti, Sr.) told you that you would have to pay the bills directly to the material people on the 10th of the month following delivery, that is right, isn't it?

"*A.* That is right.

"*Q.* You got all this material from the Gratiot Lumber & Coal Company up to the time you were told, or up to the time you signed Exhibit 2 (purchase agreement), and you never made any complaint about the manner in which these delivery tickets were made out, did you?

"*A.* No, sir. *   *   *

"*Q.* Didn't you consider you owed the Gratiot Lumber & Coal Company that money?

"*A.* I assume I did, yes.

"*Q.* And you assume now it is owing to the Gratiot Lumber & Coal Company, do you not?

- "*A.* That is right."

It appears that the first opportunity plaintiff company had to meet this new theory was during the trial of the cause. The only issue is whether Lubinskis are indebted to plaintiff company.

Under the circumstances in this case plaintiff was entitled to amend its pleading and proceed with a less stringent remedy. It was reversible error to deny plaintiff this privilege. The judgment is reversed, with costs to plaintiff.

STARR, WIEST, BUTZEL, BUSHNELL, and BOYLES, JJ., concurred with SHARPE, J.

NORTH, C. J. (*dissenting*).  Mr. Justice SHARPE
has written for reversal.  I am unable to concur.
The conclusion reached by my Brother is based
wholly upon the trial court's refusal to grant plain-
tiff's motion, made at the conclusion of plaintiff's
proof, to amend his declaration.  The purpose of the
amendment sought was to enable plaintiff to recover
against Anthony A. Lubinski in assumpsit, instead
of relying in tort upon the alleged conspiracy to
defraud.

In conformity to the practice in the trial court a
pretrial hearing had been had in this case.  At that
time no application for amendment of pleadings was
made.  However, this circumstance is met by plain-
tiff's assertion that at the time of the pretrial hear-
ing plaintiff did not possess knowledge of the facts
which prompted the motion to amend at the trial of
the case.  Instead plaintiff asserts that such facts
were first developed and became known to plaintiff
at the trial on the cross-examination of the defend-
ant Anthony A. Lubinski.  But the trial judge
might well have been of the opinion that this con-
tention or assertion was entitled to little credence
because plaintiff's own records introduced in evi-
dence plainly disclosed that it sold and charged the
materials to Anthony A. Lubinski.  Further the
trial court's refusal to permit the amendment was
of no serious disadvantage to plaintiff because it in
no way foreclosed plaintiff's right to institute a new
suit in assumpsit in which, upon sufficient proof, a
judgment in assumpsit could be secured against Mr.
Lubinski.  Reversal because of refusal to grant a
motion to amend is not justifiable except such re-
fusal constitutes an abuse of discretion on the part
of the trial judge.  This rule is noted in a case from
which my Brother quotes as follows:

"As a rule, the permission to amend rests wholly within the discretion of the trial court, and unless this discretion is abused, we will not interfere. This is true irrespective of whether the court refuses or permits the amendment." *Grant* v. *National Manufacturer & Plating Co.*, 258 Mich. 453.

For like holdings see *Konstantine* v. *City of Dearborn*, 280 Mich. 310; *Lau* v. *Pontiac Commercial & Savings Bank*, 260 Mich. 73; and *People, for use of National Regulator Co.*, v. *Rosewarne*, 247 Mich. 22. In his discretion the trial judge might have granted plaintiff's motion to amend; but under the circumstances of the instant case denial of the motion was not an abuse of discretion on the part of the trial judge and should not be held to be ground for reversal on this appeal.

The above conclusion necessitates consideration of another phase of the instant appeal. Plaintiff and appellant asserts that the testimony produced was such that the jury might justly have concluded that one or more of the defendants incident to procuring the building material from plaintiff was guilty of fraudulent conduct resulting in damage to plaintiff, and that therefore the trial judge was in error in directing a verdict in favor of all defendants on the ground that there was no testimony tending to sustain the charge in plaintiff's declaration of conspiracy to defraud or of a perpetrated fraud. A careful review of the record brings us to the conclusion that the trial judge was correct in holding that there was no testimony which would justify recovery by plaintiff under the allegations of its declaration. We deem it unnecessary to review the testimony in detail, but the following may be noted.

The basic theory of plaintiff's claim of a right to recover in the tort action is that defendant Andrew Musetti, Jr., failed to secure from the proper officer

of plaintiff company approval of credit to Lubinski before delivery of the materials. The undisputed testimony is that this was at the time an oversight on the part of Musetti, Jr., that he "completely forgot" to obtain a signed order and approval of credit to Lubinski. In any event, there is no testimony whatever that any of the other defendants charged with conspiring with Andrew Musetti, Jr., knew of his oversight or neglect of duty. And even on this appeal appellant states in its brief: "If a judgment should be entered in this court, we concede that the judgment should run against the Lubinskis alone and the cause dismissed as to the defendants Musetti." By no stretch of the imagination could it be said that under this record plaintiff is entitled to a judgment against Agnes Lubinski, the wife of Anthony A. Lubinski; and as to the latter, as noted above, there is no testimony tending to show that he was a party to any fraudulent conspiracy or to any fraud in consequence of which the building materials were delivered to Lubinski without first obtaining approval of credit extended incident to the purchase of the materials in question. The trial judge correctly so held.

The judgment entered in the circuit court should be affirmed, with costs to appellees.

REID, J., concurred with NORTH, C. J.