BECKER *v.* WARREN.

1. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW.
   The Supreme Court hears an injunction suit *de novo,* on the record made in the trial court.

2. CONSPIRACY—CONVERSATIONS AS EVIDENCE.
   Conversations between plaintiff's witness and one of the defendants which did not occur in the presence of the other defendant *held,* to have failed to establish a conspiracy between such defendants to damage plaintiff and organ manufacturing company he represented by the making of false statements about plaintiff, his business or that of the company.

3. SAME—FALSE STATEMENTS—SALES—BURDEN OF PROOF.
   Plaintiff claiming conspiracy to damage him and his business by the making of false statements which resulted in the loss of the sale of an organ to a church had the burden of showing the statements were false.

4. SAME—BURDEN OF PROOF.
   Burden of proof of plaintiff in suit to enjoin defendants from conspiracy to injure plaintiff's business *held,* not sustained, where evidence failed to show that a conspiracy had been entered into, that statements made were untrue, or that they deprived him of the sale of an organ.

5. EQUITY — INJUNCTION — CONSPIRACY — DAMAGES — ADEQUACY OF REMEDY AT LAW.
   Plaintiff's remedy at law for damages was adequate, where he failed to prove conspiracy entitling him to injunctive relief.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur, Appeal and Error, § 2; 3 Am Jur, Appeal and Error, § 815.
[2] 11 Am Jur, Conspiracy, § 56.
[3] 33 Am Jur, Libel and Slander, § 274.

Appeal from Kent; Brown (William B.), J. Submitted October 4, 1950. (Docket No. 11, Calendar No. 44,616.) Decided January 8, 1951.

Bill by Leon Becker against Ferris Warren and another for injunction and money damages. Decree for plaintiff. Defendants appeal. Reversed.

*Linsey, Shivel, Phelps & Vander Wal,* for plaintiff.

*McCobb, Heaney & Dunn,* for defendants.

BOYLES, J. Plaintiff Becker is the retail sales representative of the manufacturer of Wurlitzer pianos and organs, with territory in certain counties in the northern part of the lower peninsula of Michigan. Defendant Vahey sells Baldwin pianos and organs in the same territory. Defendant Warren is a salesman for Vahey.

Plaintiff filed a bill of complaint in the circuit court for Kent county in chancery, alleging that Warren had been making false statements about the Wurlitzer manufacturer and the Wurlitzer organ as a result of which St. Peter's Lutheran Church in Big Rapids had refused to purchase an organ from the plaintiff; and that plaintiff had thereby been deprived of the commission which he would otherwise have received if the proposed sale had gone through. Plaintiff claimed damages by reason of the loss of the commission. After issue was joined, hearing held and testimony taken, a decree was entered permanently enjoining defendants Warren and Vahey from uttering, publishing or disseminating any false and untrue statements about plaintiff or his business or the business or products of the Rudolph Wurlitzer Company. The decree further provided that the plaintiff "recover judgment against defendants in the sum of

$1,676.74, plus his costs to be taxed, and that execution issue therefor." Defendants appeal. We hear the case *de novo,* on the record.

On the theory that a conspiracy had been "alleged" [*] charging that defendants Warren and Vahey had conspired against plaintiff to injure and destroy plaintiff's business, testimony was received over defendants' objections, as follows:

1. A letter written by Warren to the organist of the First Methodist Church at Otsego, evidently a family friend of Warren. This church was not in plaintiff's territory and the letter was sent some considerable time after the church had purchased an organ. It contained statements about the company which manufactured the Wurlitzer organ, claimed by plaintiff to be false. There is no testimony to show that Vahey had any knowledge of this letter before the instant suit was started.

2. Testimony was received of a conversation between Warren and the president of Ferris Institute at Big Rapids during which Warren made certain statements concerning the Wurlitzer organ and the manufacturer, claimed by plaintiff to be false. Ferris Institute had cancelled a contract to purchase a Baldwin organ from Vahey solely because Vahey could not make delivery of a Baldwin organ to Ferris Institute within the time limit provided for in the contract. Ferris Institute then purchased a Wurlitzer organ through the plaintiff and it was after the purchase that the conversation between Warren and the president took place to which plaintiff refers. No claim is made that Vahey was present or had any knowledge of the conversation. Plaintiff makes no claim for damages resulting from either of the above 2 transactions.

---

[*] See *Greer* v. *Parks,* 300 Mich 492.

3. Testimony was received regarding a proposed sale of an organ to St. Peter's Lutheran Church in Big Rapids. The church was about to purchase an organ. Warren contacted the chairman of the organ committee and learned that the church had an organ on trial, had not purchased it and was open to consider competition. Warren demonstrated his Baldwin organ to the committee, in a nearby church— they discussed the Wurlitzer, the Baldwin and other competitive organs. Plaintiff claims that Warren made false statements about the Wurlitzer organ and its manufacturer. After some delay, comparison of prices and investigation of various organs, the church purchased a Connsonata organ from another competing salesman. Neither the plaintiff nor the defendants made this sale. Defendant Vahey took no part in Warren's contacts with the purchasers and it is not claimed that he made any representations. There was testimony to show that Warren told a member of the purchasing committee that "there was a rumor" that the Wurlitzer factory was closed down.* Warren did suggest that a complete investigation be made by the committee to determine the best organ. The committee did so and, after investigating 3 different organs, purchased the Connsonata. The final decision as to which organ to buy was made by the congregation of the church. Plaintiff claims that he was deprived of a commission by the loss of this sale, for which he seeks damages.

4. A witness who described herself as a free-lance organist, who had at times demonstrated the Wurlitzer organ and worked for plaintiff, went to the Vahey Music Company in Grand Rapids and stated that she was interested in an organ for a church. She met the defendant, was introduced to an em-

---

* It was actually closed down for a number of weeks.

ployee, Mr. Vahey "went back to the back of the store," and left her with "this other gentleman." The testimony indicates that Vahey was not present, or heard any of the ensuing conversation. As to statements claimed by plaintiff to be false, she testified:

"*Q.* * * * Tell us what this employee said about the Wurlitzer organ or Wurlitzer company.

"*A.* Well, as I recall, the Randolph [Rudolph?] Wurlitzer company plant was completely closed* and there was dissatisfaction on the part of customers and they further substantiated this by citing the fact the local dealer, Mr. Becker, had a warehouse full of organs* and this was followed by the fact that the Wurlitzer company was in serious straits and were not selling; that the Baldwin company had vast financial reserves and that they would never have to worry along this particular line.

"*Q.* Did he say anything more?

"*A.* There would be no models or other organs by Wurlitzer made in the future.

"This employee made that statement right there in the store of Mr. Vahey.

"Mr. Vahey came and called the gentleman with whom I was talking to the telephone, and he wanted to know if I was being taken care of, and I told him yes.

"He said the present model which Wurlitzer was making was the only one being made and there would be no future organ models made. Mr. Vahey made that statement right there in our talk. That is all that I can recall offhand that was said about the Wurlitzer organ or the Wurlitzer company, and that is the way the conversation ended."

· She further testified that she went there for the specific purpose of getting information and was not

---

* There was uncontroverted testimony that these statements were true.

telling the truth when she told Vahey she was there to buy an organ.

The foregoing testimony is the only proof claimed to show a conspiracy between defendants Warren and Vahey to injure and destroy plaintiff's business. No proof was ever adduced to establish that Vahey had taken any part in any representations made by Warren, or that he had any knowledge of them. It is not claimed that the relationship of principal and agent existed between Vahey and Warren. The only testimony connecting Vahey with the claim of conspiracy was that of the last witness. The conversation did not occur in the presence of Warren. It did not establish a conspiracy. See *Kahn* v. *Friedman, ante,* 164, and cases therein cited.

The burden was on the plaintiff to show that the statements alleged to have been made by Warren were false. In that regard the record is significantly barren of proofs. A review of the record convinces that plaintiff has not met the burden of proving that Warren made false and untrue statements regarding the Wurlitzer organ or its manufacturer to injure and destroy plaintiff's business, or to deprive plaintiff of the sale of an organ to St. Peter's Church or of his commission if he should succeed in making such sale. So far as shown by the testimony, Warren was acting alone and in his own interest in his contacts to make sales. We are not convinced that the record establishes a conspiracy entered into by Warren and Vahey to prevent Becker from making the sale of an organ to St. Peter's Lutheran Church, which is the basis of plaintiff's claim. *Roberts* v. *Fox,* 306 Mich 279; *Gratiot Lumber & Coal Co.* v. *Lubinski,* 309 Mich 662, 666.

Furthermore, the testimony as to the transaction between the plaintiff and the persons who had the authority to purchase an organ for St. Peter's Lutheran Church is not convincing that plaintiff lost

the sale only by reason of any statements made by Warren. The purchasers made a careful investigation of 3 different organs, listened to demonstrations and exercised their own independent judgment by the purchase of an organ from a concern not connected with either the plaintiff or the defendants. The burden of proof was on the plaintiff. The record does not support a finding that the defendants entered into a conspiracy or made false statements in an endeavor to injure or destroy plaintiff's business in the sale of Wurlitzer organs. If the only issue was as to damages, plaintiff would have an adequate remedy at law (*Kahn* v. *Friedman, supra*).

Reversed, with costs to defendants.

Reid, C. J., and North, Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.