*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PETITION OF LAKE COUNTY
TREASURER FOR FORECLOSURE.

---

LAKE COUNTY TREASURER,

        Petitioner-Appellee,

v

MICHAEL FLAGG, JAMES ROWLAND, and
BRENDA ROWLAND,

        Claimants-Appellants,

and

STATE TREASURER,

        Other Party.

UNPUBLISHED
September 08, 2025
10:06 AM

No. 368740
Lake Circuit Court
LC No. 20-009897-CF

---

Before: SWARTZLE, P.J., and GARRETT and YATES, JJ.

PER CURIAM.

This appeal requires us to return, once again, to an area of law that has become increasingly settled. Respondents, Michael Flagg, James Rowland, and Brenda Rowland, contest an order from the trial court denying their motions to reopen the case for the disbursement of the surplus proceeds from tax-foreclosure sales of parcels of property. On appeal of right, respondents assert that: (1) MCL 211.78t is constitutionally infirm, both on its face and as applied; (2) the retention of their remaining proceeds by petitioner, the Lake County Treasurer, constitutes an impermissible taking; (3) they have a viable unjust-enrichment claim; and (4) the untimeliness of the submission of their notices of intention to claim remaining proceeds should be disregarded under MCL 600.2301. But most of those theories were rejected by *In re Petition of Muskegon Co Treasurer for Foreclosure*, 348 Mich App 678; 20 NW3d 337 (2023), and all of the new arguments advanced by respondents

-1-

in this appeal fare no better, so we shall affirm the trial court's order denying respondents' motions to reopen their foreclosure case and for the disbursement of surplus proceeds.

## I. FACTUAL BACKGROUND

The material facts are undisputed. Respondents owned real properties in Lake County, but they fell behind on the property taxes. Petitioner, acting as the foreclosing government unit (FGU), foreclosed on the properties in February 2021 and thereafter sold the properties at auction for more than respondents owed in unpaid taxes, interest, penalties, and fees. Respondents failed to timely submit to petitioner a notice of their intention to seek surplus proceeds on a Department of Treasury Form 5743. In May 2022, respondents moved simultaneously to reopen the foreclosure case under MCR 2.612(C)(1)(f) (a catch-all that permits a circuit court to relieve a party from final judgment for any reason that justifies relief, other than those listed in the court rule) and for the disbursement of the surplus proceeds. Petitioner opposed the motions to disburse on the ground that respondents were barred from recovering any surplus proceeds because they failed to comply with the statutory requirement to submit Form 5743 by July 1, 2021. Petitioner opposed the motions to reopen the case on the basis that reopening would be futile.

Before those motions were decided, respondents filed a supplemental brief by leave of the trial court and over petitioner's objections. They asserted that MCL 211.78t violates substantive and procedural due process, that notice of the July 1 deadline for submitting a Form 5743 in their case was constitutionally deficient, and that, irrespective of due-process analysis, the United States and Michigan Constitutions obligated petitioner to pay just compensation for taking respondents' remaining proceeds. They urged the trial court to impose a constructive trust over their remaining proceeds in order to prevent unjust enrichment. Petitioner responded that MCL 211.78t prescribed the exclusive method for recovering surplus proceeds and the statute enjoyed a strong presumption of constitutionality. Petitioner stated that the July 1 deadline was not an unconstitutional restraint on respondents' property rights, that the deadline satisfied rational-basis scrutiny by ensuring due process to potential claimants, that the imposition of procedures for recovering remaining proceeds did not result in any unconstitutional taking, and that respondents could not avoid the operation of MCL 211.78t through the equitable remedy of a constructive trust. Petitioner denied that the notice provided to respondents was constitutionally inadequate. Petitioner also insisted that the Attorney General was the proper party to defend the constitutionality of the statute. Thus, the Department of Attorney General moved for leave to intervene in the matter if the trial court decided to address respondents' constitutional challenges. Then, the Department filed a brief in support of its motion that defended the constitutionality of MCL 211.78t.

After oral argument on the motions, the trial court took the matter under advisement. While the circuit court was considering the matter, this Court issued its decision in *Muskegon Treasurer*, 348 Mich App 678, holding that the Legislature intended MCL 211.78t to be the sole mechanism for recovering surplus proceeds, that the statutory scheme prescribed by our Legislature satisfied due process, and that a compensable taking had not occurred because the Legislature had provided a method for recovering surplus proceeds. *Muskegon Treasurer*, 348 Mich App at 688, 698, 700-701. The trial court deemed *Muskegon Treasurer* controlling and adopted its reasoning. Thus, the trial court denied respondents relief and refused to reopen the case. This appeal followed.

## II. LEGAL ANALYSIS

On appeal, respondents present several arguments that this Court has already considered in detail and rejected. Respondents contend that: (1) MCL 211.78t is constitutionally infirm, both on its face and as applied; (2) the retention of their remaining proceeds by petitioner, the Lake County Treasurer, constitutes an impermissible taking; (3) they have a viable claim for unjust enrichment; and (4) their untimely submission of their notices of intention to claim remaining proceeds should be disregarded under MCL 600.2301. "In reviewing a circuit court's resolution of a motion under MCL 211.78t, this Court reviews factual findings for clear error." *Muskegon Treasurer*, 348 Mich App at 687. We review de novo questions of law, which include the interpretation and application of constitutional provisions and statutes. *Id*. Also, whether a party has been afforded due process is a question of law that this Court reviews de novo. *In re Moroun*, 295 Mich App 312, 331; 814 NW2d 319 (2012).

Before turning to respondents' claims on appeal, an explanation of the statutory scheme at issue is appropriate. Our Supreme Court ruled in *Rafaeli, LLC v Oakland Co*, 505 Mich 429, 484; 952 NW2d 434 (2020), that former owners of properties sold at tax-foreclosure sales for more than the amount owed in taxes, interests, penalties, and fees had "a cognizable, vested property right to the surplus proceeds resulting from the tax-foreclosure sale of their properties." Because that right continued to exist after fee simple title to the properties vested with the FGU, the FGU's "retention and subsequent transfer of those proceeds into the county general fund amounted to a taking of plaintiffs' properties under Article 10, § 2 of [Const 1963]." *Id*. at 484-485. Hence, former owners were entitled to just compensation in the form of the return of the surplus proceeds. *Id*. at 485. When our Supreme Court rendered its decision in *Rafaeli*, the General Property Tax Act (GPTA), MCL 211.1 *et seq*., provided no mechanism for property owners to recover surplus proceeds.

In response to *Rafaeli*, our Legislature passed 2020 PA 255 and 2020 PA 256, which were given immediate effect on December 22, 2020. Specifically, MCL 211.78t, a statute added to the GPTA by 2020 PA 256, provides the means for former owners to claim and receive any applicable "remaining proceeds"[1] from the tax-foreclosure sales of their former properties. Property owners whose properties sold at tax-foreclosure sales after July 17, 2020 (the date *Rafaeli* was issued) and who want to recover proceeds remaining from foreclosure sales after satisfaction of taxes, interest, penalties, and fees must inform the FGU of their intent by submitting a Form 5743 by the July 1 immediately following the effective date of the foreclosure of their property. MCL 211.78t(2).[2]

### A. CONSTITUTIONAL CHALLENGES

Respondents, in asserting that MCL 211.78t violates due process, point to the complexity of the statute, the fact that MCL 211.78t(2) requires "owners to file an administrative claim before

---

[1] *Rafaeli* referred to "surplus proceeds," whereas MCL 211.78t refers to "remaining proceeds," so we regard those two terms as synonymous.

[2] Our Supreme Court recently decided that *Rafaeli* applies retroactively to claims not yet final on July 17, 2020, and that MCL 211.78t applies retroactively to claims arising before its enactment. *Schafer v Kent Co*, ___Mich ___; ___ NW3d ___ (2024) (Docket Nos. 164975 and 165219).

-3-

they know how much money, if any, is at stake," and the strict deadlines that the statute imposes. We find none of those challenges persuasive.

None of respondents' arguments calls into question this Court's holding that the statutory scheme set up by our Legislature satisfies due process on its face. Respondents' arguments reveal that "what respondents really want is a different, i.e., postsale, process." See *Muskegon Treasurer*, 348 Mich App at 697. As long as "the statutory scheme adopted by our Legislature comports with due process—as MCL 211.78t does—whether such a scheme makes sense, or whether a 'better' scheme could be devised, are policy questions for the Legislature, not legal ones for the judiciary." *Id*. Our Legislature enacted a statutory scheme for the recovery of remaining proceeds that passes constitutional muster, and petitioner followed that prescribed scheme. "Respondents failed to avail themselves of these statutory protections, and, as a result, they failed to enforce their constitutional rights. The failure is theirs, not petitioner's or our Legislature's." *Id*. at 704.

Respondents further contend that petitioner's notices were inadequate because they did not inform respondents of the new process for claiming remaining proceeds, nor did the notices advise respondents that missing the July 1 deadline would foreclose their claims for remaining proceeds. But the record reveals that the "Payment Deadline" notice that petitioner furnished to respondents informed them that (1) the foreclosure sale of their property and payment of their total amount due to the FGU might result in remaining proceeds, (2) respondents had a right to file a claim for those remaining proceeds, (3) they had to file Form 5743 to claim an interest in the remaining proceeds, and (4) a Form 5743 had to be filed by July 1, 2021. Further, the "Notice of Foreclosure" repeated the instructions on Form 5743 for submitting Form 5743. Additionally, the use of "must submit" left no doubt that the requirements were mandatory, and the use of all capital letters, underlining, and bold font emphasized the mandatory character of the requirements. In sum, both the language and the format of the notices made clear that the reader ignored the notices at the risk of losing the ability to file a claim for surplus proceeds.

Respondents assert that the notices were inadequate because they did not state the amount of remaining proceeds at issue, nor could they, given that they were mailed before the foreclosure sales occurred. This Court rejected that argument in *Muskegon Treasurer*, 348 Mich App at 698, emphatically deciding that the "[p]etitioner's notices were not rendered inadequate by the fact that they were sent to respondents before the tax-foreclosure sale—if anything, the earlier notice was an even greater safeguard of respondents' rights than the postsale notice that they advocate for now." Respondents' argument is yet another instance in which they are advocating for a different process than the one provided by our Legislature. But as this Court ruled in *Muskegon Treasurer*, 348 Mich App at 697, the statutory scheme our Legislature adopted passes constitutional muster. Whether a more sensible, or "whether a 'better' scheme could be devised, are policy questions for the Legislature, not legal ones for the judiciary." *Id*.

Respondents view the statutory process for seeking surplus proceeds as an unconstitutional taking. They seem to concede that this Court rejected that theory in *Muskegon Treasurer*, but they fault the *Muskegon Treasurer* Court for incorrectly resolving the issue because it "misunderstood and misapplied" *Nelson v City of New York*, 352 US 103; 77 S Ct 95; 1 L Ed 2d 171 (1956). They identify procedural differences between the statute at issue in *Nelson* and MCL 211.78t, pointing out that the defenses and counterclaims discussed in *Nelson* gave property owners the opportunity to assert that their properties were worth more than they owed in taxes and fees and the mechanism

to recover the surplus. See *id*. at 110. Arguably, however, the functional equivalent prescribed in MCL 211.78t begins with the proper and timely submission of Form 5743.

Respondents insinuate that the recent decisions of the United States Supreme Court in *Tyler v Hennepin Co, Minnesota*, 598 US 631; 143 S Ct 1369; 215 L Ed 2d 564 (2023), and *Knick v Scott Twp, Pennsylvania*, 588 US 180; 139 S Ct 2162; 204 L Ed 2d 558 (2019), somehow compel a result different from the one this Court reached in *Muskegon Treasurer*. To be clear, *Muskegon Treasurer* considered whether *Tyler* compelled a different outcome and concluded that it did not. Nothing in respondents' new arguments regarding *Tyler* convinces us that the *Muskegon Treasurer* Court misinterpreted or misapplied *Tyler*.

Respondents cite *Knick* to imply that a state law that might yield just compensation cannot strip a property owner of a claim based on the Fifth Amendment of the United States Constitution. *Knick*, 588 US at 185, permits property owners to bring federal takings claims under 42 USC 1983 without exhausting their state-law remedies. But to prevail on such a claim, the litigant still must prove that the government committed an unconstitutional taking. Nothing in *Knick* undercuts the relevant holding in *Nelson*. Here, respondents do not have a viable federal takings claim because our Legislature provided a statutory method for them to recover surplus proceeds, but they did not complete the minimally burdensome first step toward recovery by filing a notice of intention that was timely under MCL 211.78t(2). See *Muskegon Treasurer*, 348 Mich App at 701.

To put it plainly, none of respondents' due-process theories calls into question this Court's conclusion in *Muskegon Treasurer* that MCL 211.78t's system for recovering remaining proceeds satisfies procedural due process. Nor have respondents offered us any good reason to depart from the conclusion in *Muskegon Treasurer* that respondents who fail to timely avail themselves of the statutory mechanism for recovering surplus proceeds resulting from a tax-foreclosure sale cannot prevail on a Takings Clause claim under Const 1963, art 10, § 2, or US Const, Ams V and XIV.[3]

## B. REMAINING CHALLENGES

Moving beyond constitutional theories, respondents refer to petitioner's "confiscation" of their surplus proceeds without just compensation as an unconstitutional taking under the Michigan Constitution and the United States Constitution. See US Const, Ams V and XIV; Const 1963, art 10, § 2. Respondents recognize that *Muskegon Treasurer* resolves their due-process and Takings Clause claims, and they concede that we are bound by that decision. Nevertheless, they urge us to call for the convening of a special panel under MCR 7.215(J)(3) to rethink *Muskegon Treasurer*. But respondents have no viable Takings Clause claim because our Legislature provided a statutory pathway for claimants to recover any surplus proceeds, petitioner followed that statutory scheme, and respondents failed to take the minimally burdensome first step toward recovery by submitting a timely notice of intention on Form 5743. *Muskegon Treasurer*, 348 Mich App at 701.

---

[3] Respondents offer a new argument on appeal that MCL 211.78t is flawed because it did not afford a timely hearing. We need not address that theory because of the raise-or-waive rule. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023). If respondents had raised that claim in the trial court, we could address it on the merits on appeal.

Finally, in a remarkable plea for judicial activism, respondents implore us to disregard the July 1 deadline by invoking MCL 600.2301, which provides as follows:

> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

The statute aims to "abolish technical errors and prioritize the disposal of cases in accordance with the substantial rights of the parties." *Gratiot Lumber & Coal Co v Lubinski*, 309 Mich 662, 668-669; 16 NW2d 112 (1944). Application of the statute turns on a two-pronged test: "first, whether a substantial right of a party is implicated and, second whether a cure is in the furtherance of justice. If both these prongs are satisfied, a cure will be allowed on such terms as are just." *Bush v Shabahang*, 484 Mich 156, 177; 772 NW2d 272 (2009) (quotation marks and citation omitted).

Respondents cite no authority to support the proposition that any court in Michigan furthers justice by disregarding unambiguous language in a duly enacted statute that satisfies constitutional standards. By urging us to disregard the notice requirement in MCL 211.78t(2), respondents have asked us, in effect, to amend by fiat our Legislature's validly enacted, constitutional procedure for returning surplus proceeds. Such an approach falls outside the judiciary's purview. See *Muskegon Treasurer*, 348 Mich App at 697. Thus, respondents cannot convince us that MCL 600.2301 may be invoked to excuse their failure to comply with MCL 211.78t(2).

Affirmed.

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett
/s/ Christopher P. Yates